UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANDREW BRECKE,

    Plaintiff,

v.                                                                         Case No.: 25-1773

CHARTER MANUFACTURING COMPANY, INC.,

    Defendant.

## COMPLAINT

Plaintiff, Andrew Brecke, through his undersigned attorneys brings the following Complaint against Defendant, Charter Manufacturing Company, Inc.:

### NATURE OF CASE

1. Plaintiff, Andrew Brecke ("Brecke") alleges that his former employer, Defendant, Charter Manufacturing Company, Inc. ("Charter"), violated the Family and Medical Leave Act of 1993, ("FMLA") [29 U.S.C. § 2601, et. seq.] by interfering with his right to take FMLA leave and terminating his employment because he exercised his FMLA rights.

### JURISDICTION AND VENUE

2. Jurisdiction over Brecke's claims under the Family and Medical Leave Act of 1993 [29 U.S.C. §§ 2601-2654] is conferred on this Court by 29 U.S.C. § 2617(a)(2).

3. The proper federal venue for this action pursuant to 28 U.S.C. § 1391, is the Eastern District of Wisconsin where a substantial part of the events or omissions giving rise to Plaintiff's claim occurred.

## CONDITIONS PRECEDENT

4. All conditions precedent to this action within the meaning of Rule 9(c), Fed. R. Civ. Pro., have been performed or have otherwise occurred.

## JURY DEMAND

5. Brecke demands that his case be tried to a jury of his peers.

## PARTIES

6. Plaintiff Brecke is an adult citizen of Wisconsin, domiciled at 3616 County Road H, Franksville, WI 53126.

7. Defendant Charter is a company created under the laws of the State of Wisconsin with a facility located at 1658 Cold Springs Road, Saukville, WI 53080.

## OPERATIVE FACTS

8. Brecke commenced employment with Charter during August 2021.

9. Brecke worked more than 1,250 hours during his last twelve months of employment with Charter.

10. Brecke was employed by Charter for more than 12 months as of October 24, 2025.

11. On October 24, 2025, Brecke's two-year old son suffered a serious health condition.

12. Brecke was required to provide care for his son while suffering from a serious health condition and took leave from work with the knowledge and approval of his supervisor.

13. Brecke was off work on October 24, 25 and 26, 2025, providing care for his son during his son's ongoing serious health condition.

14. Upon his return to work on October 27, 2025, Brecke provided his work release from his son's doctor to Charter's human resources manager, Kaitlyn Donajkowski.

15. After Brecke's return to work, his son continued to receive ongoing medical care for his serious health condition.

16. Brecke worked his normal 12-hour shifts on October 27, 28 and 29, 2025.

17. On October 29, 2025, Charter's human resources manager, Ashley Swain, notified Brecke by phone that his employment with Charter was terminated for a purported attendance violation when he took leave to care for his son.

18. Brecke sought reconsideration from Swain on October 30 and 31, 2025, explaining that he had a doctor's excuse and his son had a serious health condition so his leave was covered by the FMLA.

19. Charter did not seek clarification or documentation from Brecke as to the nature or duration of his son's serious health condition, the care that Brecke provided, or Brecke's need for the leave.

20. Charter retaliated against Brecke for exercising his FMLA rights and interfered with his exercise of FMLA rights.

## FIRST COUNT
## FMLA INTERFERENCE § 2615(A)(1)

21. As and for a first count, Brecke re-asserts the allegations recited above and fully incorporates those paragraphs herein by reference.

22. Charter deprived Brecke of FMLA entitlement in violation of 29 U.S.C. § 2615(a)(1) on the basis that he was eligible for the FMLA's protections, Charter was covered by

3

Case 2:25-cv-01773   Filed 11/12/25   Page 3 of 5   Document 1

the FMLA, Brecke was entitled to leave under the FMLA, he provided sufficient notice of his intent to take FMLA leave, and Charter denied his FMLA benefits to which he was entitled.

23. The allegations more particularly described above regarding the intentional discriminatory practices of Charter were not made with good faith or reasonable grounds for believing that the conduct did not violate the Family and Medical Leave Act of 1993, [29 U.S.C. § 2601, *et seq.*]

24. The allegations more particularly described above caused Brecke wage loss, benefits loss, and expenses, all to his damage.

## SECOND COUNT
## FMLA RETALIATION § 2615(a)(2)

25. As and for a second count, Brecke re-asserts the allegations recited above and fully incorporates those paragraphs herein by reference.

26. Charter violated 29 U.S.C. § 2615(a)(2) by taking the materially adverse action of terminating Brecke's employment because of FMLA-protected activity.

27. The allegations more particularly described above regarding the intentional discriminatory practices of Charter were not made with good faith or reasonable grounds for believing that the conduct did not violate the Family Medical Leave Act of 1993 [29 U.S.C. § 2601, *et. seq.*].

28. The allegations more particularly described above caused Brecke wage loss, benefits loss, and expenses, all to his damage.

WHEREFORE, Plaintiff, Andrew Brecke, demands relief as follows:

a) Damages equal to the amount of wages, employment benefits, and other compensation denied or lost by reason of the FMLA violation pursuant to 29 U.S.C. § 2617;

b) The interest on said damages calculated at the prevailing rate pursuant to 29 U.S.C. § 2617;

c) Equitable relief as may be appropriate, including employment, reinstatement, and promotion pursuant to 29 U.S.C. § 2617;

d) A reasonable attorney's fee pursuant to 29 U.S.C. § 2617;

e) Reasonable expert witness fees pursuant to 29 U.S.C. § 2617;

f) Costs of the action pursuant to 29 U.S.C. § 2617;

g) An additional amount as liquidated damages equal to the sum of damages and interest pursuant to 29 U.S.C. § 2617; and

h) Such other relief as the court deems just and equitable.

Dated this 12th day of November, 2025.

*Electronically signed by Alan C. Olson*
Alan C. Olson, SBN: 1008953
Attorneys for Plaintiff
Alan C. Olson & Associates, S.C.
2880 S. Moorland Rd.
New Berlin, WI 53151
Telephone: (262) 785-9606
Fax: (262) 785-1324
Email: AOlson@Employee-Advocates.com

5

Case 2:25-cv-01773   Filed 11/12/25   Page 5 of 5   Document 1